IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GODINA JONES,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL LAMB, PROTHONOTARY<br>OF THE COURT OF COMMON PLEAS<br>OF ALLEGHENY COUNTY, PENNSYLVANIA,<br>and CONSTABLE JOHN A. SNYDER ,<br><br>    Defendants. | CIVIL ACTION 05-1052<br>No. C.A.<br><br>RECEIVED<br><br>JUL 2 9 2005<br><br>CLERK, U.S. DISTRICT COURT<br>WEST. DIST. OF PENNSYLVANIA |

## NOTICE OF PRESENTATION

TO: MICHAEL E. LAMB, PROTHONOTARY; CONSTABLE JOHN A. SNYDER and PINECASTLE REALTY:

Please be advised that the following Motion for Temporary Restraining Order will be presented on Friday, July 29, 2005 at 10:30 o'clock a.m., before a Judge of the United States District Court for the Western District of Pennsylvania, to be assigned by the United States District Court Clerk, 8th floor, U.S. Courthouse and Post Office Building, Grant Street, Pittsburgh, PA 15219.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GODINA JONES,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL LAMB, PROTHONOTARY<br>OF THE COURT OF COMMON PLEAS<br>OF ALLEGHENY COUNTY, PENNSYLVANIA,<br>and CONSTABLE JOHN A. SNYDER,<br><br>        Defendants. | CIVIL ACTION<br>No. C.A. |

## MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION

NOW COMES the Plaintiff, Godina Jones, by her counsel, and moves this Court for a Temporary Restraining Order and Preliminary Injunction, stating in support thereof the following:

1. The factual allegations set forth in the Plaintiff's Complaint are hereby incorporated by reference.

2. The Defendants have instituted the legal steps necessary to forcibly evict the Plaintiff, Godina Jones, and her three minor children from their leased residence, despite the fact that, pursuant to Pennsylvania law, the Plaintiff has filed an appeal from, and is awaiting a *de novo* trial following the issuance of a magisterial district court judgment which awarded the Plaintiff's landlord, Pinecastle Realty, damages for alleged past due rent and the right to immediate possession of the Plaintiff's residential premises.

3. Unless this Court issues a temporary restraining order and a preliminary injunction, directing the Defendant Prothonotary to issue a supersedeas to stay the forcible eviction of Ms. Jones and her children from their home pending the outcome of their *de novo* appeal trial, and unless this Court issues a temporary restraining order and a

preliminary injunction enjoining Defendant Constable Snyder from executing upon the Order for Possession and forcibly dispossessing Ms. Jones and her three minor children, they will become homeless. They will be left without any shelter whatsoever, and without any of their belongings, including clothing and food, which are necessary to their daily lives.

4. If they are forcibly evicted, Ms. Jones and her family could be indefinitely separated in order to obtain emergency shelter.

5. If they are forcibly evicted, Darron Jones, Ms. Jones' eldest child, likely would not be permitted to stay at a temporary shelter with his mother. Many shelters will not permit older boys to remain in the same temporary residence space as women and younger children. Thus, Ms. Jones would be unable to watch over and provide care to her son.

6. Additionally, Darron has seizures, which seem to coincide with added stress and discomfort. Were they evicted, Ms. Jones then would not even be able to provide necessary care and attention to her son, to ensure that his special medical needs were being met, on a regular basis.

7. Unless this Court issues a temporary restraining order and a preliminary injunction, enjoining the Defendant Prothonotary from refusing to issue a supersedeas to prohibit the forcible eviction of Ms. Jones and her children from their home, Ms. Jones and her family will be permanently deprived of their residence, even if ultimately, it is determined that they should never have been evicted.

8. Ms. Jones and her family will be immediately and irreparably harmed if Ms. Jones is not permitted to obtain a supersedeas to prevent her forcible eviction, conditioned upon payment of her portion of the monthly rent to Defendant Prothonotary, pending the outcome of the *de novo* trial on the merits of the eviction lawsuit, to which Ms. Jones is entitled.

9. The actions of the Defendants in causing this imminent harm to Ms. Jones and her children have deprived Ms. Jones and her family of the substantive and procedural due

process and of equal protection, as guaranteed by the Fourteenth Amendment to the United States Constitution. <u>Lecates v. Justice of Peace Court No. 4 etc.</u>, 637 F.2d 898 (3rd Cir. 1980); <u>Lindsey v. Normet</u>, 405 U.S. 56, 92 S.Ct. 862 (1972).

10. Ms. Jones has no adequate remedy at law.

WHEREFORE, the Plaintiff requests this Court to enter a Temporary Order enjoining the Prothonotary from refusing to issue a supersedeas upon the Pennsylvania magisterial district court to effectuate a stay of her and her family's imminent forcible eviction pending the *de novo* appeal trial, conditioned upon the Plaintiff's deposit with the Prothonotary of her $240.00 ongoing monthly rent, for each month until the *de novo* appeal trail before the Allegheny County Court of Common Pleas.  Additionally, the Plaintiff requests that this Court enter a Temporary Order enjoining Defendant Constable Synder from executing upon the Order for Possession of the residential premises occupied by Ms. Jones and her family, and from forcibly dispossessing Ms. Jones and her family, so long as the Plaintiff continues to deposit her ongoing rent for each month until the *de novo* appeal trial is held and the outcome is determined.

Respectfully Submitted:

/s/ Eileen D. Yacknin
Eileen D. Yacknin
Pa.I.D. 26525

/s/ Mary Ellen Droll
Mary Ellen Droll
Pa.I.D.

Counsel for Plaintiff
Neighborhood Legal Services Association
928 Penn Avenue
Pittsburgh, PA 15222
(412) 255-6700, ext. 6155, 6116

## **VERIFICATION**

I verify that the statements of fact made in the foregoing pleading are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities

7-21-05
Date

*[signature]*
Signature