IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GODINA JONES, on behalf of herself and all others similarly situated | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No.  05-0152 |
| | ) | |
| vs. | ) | Class Action |
| | ) | |
| MICHAEL E. LAMB, PROTHONOTARY OF THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA, and CONSTABLE JOHN A. SNYDER, | ) ) ) ) ) | Judge Cercone |
| Defendants. | ) | |

## MOTION FOR CLASS CERTIFICATION

Pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the plaintiff named above hereby moves for certification of a plaintiff class in this action as follows:

1.  The class which plaintiffs seek to certify consists of all low income residential tenants of Allegheny County, Pennsylvania who have had or will have judgments against them for possession of real property entered by district magistrates, and who also are determined by the district magistrates to have rent in arrears.

2.  To the best of plaintiff's knowledge, there are hundreds of low income tenants who are defendants in district magistrate landlord and tenant proceedings whose rights are violated by the application of Rule 1008B of the District Justice Rules complained of in plaintiff's complaint.  There are also an undetermined number of putative class members who will be sued for possession of their leasehold premises in the future.

3.  Joinder of all members of the class is impracticable, in that the class consists

of hundreds of individuals, including unknown future members.

4.  There are questions of law and fact in common between the named plaintiff and the members of the class she seeks to represent, including:

a.  Does Rule 1008B of the Pennsylvania Rules of Civil Procedure for District Justices as applied to low income persons violate the Due Process guarantees of the United States Constitution?

b.  Does Rule 1008B of the Pennsylvania Rules of Civil Procedure for District Justices as applied to low income persons violate the Equal Protection guarantee of the United States Constitution?

5.  The claims of the individual plaintiff are typical of the claims of the class, in that she, like the other members of the class, is low income, has been a defendant in a district magistrate landlord tenant proceeding, and is unable to pay the supersedeas bond mandated by Rule 1008B in order to remain in her leasehold pending appeal from the district magistrate judgment.

6.  The named plaintiff will fairly and adequately represent and protect the interests of the class, in that counsel are experienced in federal class litigation and plaintiff has no interests antagonistic to those of the class.

7.  This action is maintainable pursuant to F.R.Civ.P. 23(b)(2), in that Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

8.  Plaintiff seeks an injunction requiring Defendant Prothonotary to grant supersedeas pursuant to Pa.R.Civ.P.D.J. 1008B to class members who post their

current rent as it becomes due with the Allegheny County Court of Common Pleas pending appeal of district magistrate judgments granting possession of their leaseholds to their landlords and restraining Defendant Constable Snyder from evicting class members who have been unable to obtain supersedeas by paying the bond required by Rule 1008B so long as they pay their current monthly rent into the Common Pleas Court of Allegheny County.  This relief will benefit the entire class.

9.  The Third Circuit has noted that the Rule 23(b)(2) provision "was designed specifically for civil rights cases seeking declaratory or injunctive relief for a numerous and often unascertainable or amorphous class of persons" and that the prerequisite is "almost automatically satisfied in actions primarily seeking injunctive relief."  <u>Baby Neal v Casey</u>, 43 F3d 48, 58-59 (3rd Cir.1994).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court certify the class of plaintiffs described herein.

    Respectfully Submitted,

<u>/s/ Evalynn Welling</u>
Evalynn Welling
Pa.I.D. No. 31993

<u>/s/ Kevin Quisenberry</u>
Kevin Quisenberry
Pa.I.D. No. 90499

Community Justice Project
429 Forbes Avenue, Suite 1705
Pittsburgh, Pennsylvania 15219
(412) 434-6002

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GODINA JONES, on behalf of herself and all others similarly situated | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No. 05-0152 |
| | ) | |
| vs. | ) | Class Action |
| | ) | |
| MICHAEL E. LAMB, PROTHONOTARY OF THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA, and CONSTABLE JOHN A. SNYDER, | ) ) ) ) ) | Judge Cercone |
| Defendants. | ) | |

ORDER OF COURT

Plaintiffs have moved for certification of a plaintiff class pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure. The proposed class consists of:

> all low income residential tenants of Allegheny County, Pennsylvania who have had or will have judgments against them for possession of real property entered by district magistrates, and who also are determined by the district magistrates to have rent in arrears.

The Court FINDS that:

1. The class is so numerous that joinder of all members is impracticable, in that the class consists of hundreds of individuals, including unknown future members.

2. There are questions of law and fact in common between the named plaintiff and the members of the class she seeks to represent, namely, whether Rule 1008B of the Pennsylvania Civil Rules for District Justices violates low income tenants' right to

due process and equal protection guaranteed by the United States Constitution.

3.  The claims of the individual named plaintiff are typical of the claims of the class, in that she, like the other members of the class, is an indigent tenant who is unable to pay the supersedeas bond required by Rule 1008B in order to stay in her home while her appeal is pending in the Allegheny County Court of Common Pleas.

4.  The named plaintiff will adequately represent and protect the interests of the class, in that counsel are experienced in federal class action litigation and plaintiff has no interests antagonistic to those of the class.

5.  Plaintiff's claims are that defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Accordingly, plaintiff has met the requirements for certification of a class as set forth above, and such class is hereby CERTIFIED, this _____ day of _____ _____, 2005.

_____
J.