IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GODINA JONES, on behalf of herself<br>and all others similarly situated | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | C.A. No.  05-1052 |
| | ) | |
| vs. | ) | Class Action |
| | ) | |
| MICHAEL E. LAMB, PROTHONOTARY | ) | Judge Cercone |
| OF THE COURT OF COMMON PLEAS | ) | |
| OF ALLEGHENY COUNTY, PENNSYLVANIA, | ) | |
| and CONSTABLE JOHN A. SNYDER, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| CHRISTY LONG, | ) | |
| | ) | |
| Plaintiff Intervener | ) | |
| | ) | |
| vs, | ) | |
| | ) | |
| MICHAEL E. LAMB, PROTHONOTARY | ) | |
| OF THE COURT OF COMMON PLEAS OF | ) | |
| ALLEGHENY COUNTY, PENNSYLVANIA | ) | |
| and CONSTABLE RODNEY GOWERS, | ) | |
| | ) | |
| Defendants | ) | |

**MOTION FOR PRELIMINARY INJUNCTION ON BEHALF OF CLASS**

NOW COME Plaintiffs Godina Jones and Christy Long  by their counsel and move this Court for a Preliminary Injunction to preserve the status quo, *pendente lite* on behalf of the proposed class, stating in support thereof the following:

1.  The factual allegations set forth in the Amended Complaint and in the Plaintiff Intervener's Complaint are hereby incorporated by reference.

2.   The proposed class consists of all low income residential tenants of Allegheny County, Pennsylvania who have had or will have judgments against them for possession of real property and rent in arrears entered by Magisterial District Judges.

3.   The Defendant Prothonotary has a policy of implementing Rule 1008B of the Pennsylvania Rules of Civil Procedure for District Justices by refusing to grant supersedeas to members of the proposed class who wish to file appeals from magisterial district court judgments for rent due and possession of rented premises unless the class members post a bond of three times their monthly rent as determined by the magisterial district judge or the full amount of the judgment within 10 days after judgment by the magisterial district court.

4.   Unless this Court issues a preliminary injunction enjoining  the Defendant Prothonotary from refusing to  issue  supersedeas to class members, several hundred tenants will suffer irreparable harm, being forced to move from their homes while the within litigation is going forward.

5.   The  Defendant Prothonotary's policy of refusing to grant supersedeas to class members who cannot pay the bond deprives class members of their substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution.  Lecates v. Justice of Peace Court No. 4, 637 F.2d 898 (3rd Cir. 1980); Lindsey v. Normet, 405 U.S. 56 (1972).  The plaintiffs have shown a reasonable probability of success on the merits, based on these cases, and on the prior decisions of this Court.

6.   Granting preliminary relief will not result in greater harm to the Prothonotary, who takes no position on the legality or propriety of Rule 1008B.

7.  Granting of preliminary relief is in the public interest because it will vindicate the rights of class members under the U.S. Constitution and will prevent many indigent persons from becoming homeless while pursuing their statutory appeals before law trained judges, with the opportunity for discovery, with comprehensive written pleadings, and with the opportunity to join indispensable parties.

WHEREFORE, Plaintiffs request this Court to enter a Preliminary Injunction enjoining the Prothonotary from refusing to issue supersedeas to stay the eviction of prospective class members pending their de novo appeal trial, conditioned upon the class members' deposit with the Prothonotary of their ongoing monthly rent ruing the course of de novo appeal trials before the Allegheny County Court of Common Pleas.

Respectfully submitted,


/s/ Evalynn Welling
Evalynn Welling
Pa.I.D. No. 31993

/s/ Kevin Quisenberry
Kevin Quisenberry
Pa.I.D. No. 90499

Community Justice Project
Suite 1705 Allegheny Bldg.
429 Forbes Avenue
Pittsburgh, Pennsylvania 15219
(412) 434 6002