IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GODINA JONES, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | NO. 05-1052 |
| | ) | |
| Vs. | ) | |
| | ) | Class Action |
| MICHAEL E. LAMB, PROTHONOTARY | ) | |
| OF THE COURT OF COMMON PLEAS | ) | Judge Cercone |
| OF ALLEGHENY COUNTY, ) | | |
| PENNSYLVANIA, and CONSTABLE | ) | |
| JOHN A. SNYDER, | ) | |
| | ) | |
| Defendants. | ) | |

### RESPONSE MEMORANDUM OF THE PROTHONOTARY OF ALLEGHENY COUNTY

This is an action which challenges the constitutionality of Rule 1008B of the Pennsylvania Rules of Civil Procedure for District Justices ("Rule 1008B"), based upon causes of action for Procedural Due Process, Substantive Due Process and Equal Protection. Rule 1008B essentially provides that a tenant who is appealing an adverse judgment for possession before a district justice must pay to the Prothonotary the lesser of three (3) months rent or the rent in arrears in order to obtain a supersedeas.

### A. The Prothonotary is Neutral on These Matters

There is no allegation that the Prothonotary violated any rule of procedure or did anything wrong as to any of the named plaintiffs. The Prothonotary's only duties are to apply the rules as written. Indeed, the Prothonotary does not even have the right to evaluate rules and if it deems them unconstitutional, not apply them. Accordingly, the Prothonotary has no interest in this matter.

The Prothonotary, as an elected official, should not have to defend the interest of residential landlords, simply because the Prothonotary is a named defendant in this matter. It

is respectfully submitted that the only potential parties who have an interest in this litigation are residential landlords in Allegheny County, Pennsylvania, none of whom are named defendants in this matter. Without parties actively defending against the claims of the plaintiffs in this litigation, an incorrect result could be obtained. That is why in the related case of Smith v. Coyne, 722 A.2d 1022 (Pa. 1999) residential landlord associations were brought into the litigation and they actively defended Rule 1008B. The Honorable R. Stanton Wettick struck down this Rule 1008B as unconstitutional, on state grounds. The landlord associations appealed and the Pennsylvania Supreme Court reversed. This illustrates that the issues in these cases are too complex to have only one side making arguments.

    B. The Proposed Order attached to the Motion for Preliminary Injunction is Unworkable for the Prothonotary

The proposed order seeks to enjoin the Prothonotary from requiring a deposit of lesser of three months rent or the rent in arrears to obtain a supersedeas as to "appeals brought by indigent residential tenants of Allegheny County." Leaving aside the merits of the plaintiffs' claims, how is a clerk in the Prothonotary Office to determine that a person is "indigent."

The proposed order suggests the following test:

> Class members shall establish their indigency for purposes of this injunction by filing with the Prothonotary at the time of appeal a Petition to Proceed in Forma Pauperis as required by local rule.

There is no local rule concerning forma pauperis petitions. The matter is covered by Pa. R.C.P. 240, captioned "In Forma Pauperis." The in forma pauperis process is started by filing of the appeal from the magisterial district judge and the simultaneous filing of a petition and affidavit required by the Rule. If that is done by the appellant, the Prothonotary does not charge a filing fee. The appellant then has 20 days to obtain an order authorizing the supersedeas. The appellant may not proceed in forma pauperis without that order.

Thus, the mere filing of a petition cannot be the determinative factor as to the amount of money to be deposited by the appellant at the time of the appeal. Pursuant to Rule 1008B, the Prothonotary notifies the magisterial district judge, when the appeal is taken, as to whether or not a supersedeas has been obtained by the appellant. The Prothonotary cannot wait up to 20 days to notify the magistrate, if, by that time, the appellant has been permitted to proceed in forma pauperis.

If the Court grants the relief sought by the plaintiffs in this matter, a procedure needs to be developed that is simple for the clerks in the Prothonotary's Office to apply and one that vests no discretion or fact finding obligations on the Prothonotary's staff. The Prothonotary is simply a magisterial office.

ROTHMAN GORDON, P.C.

By: s/ Ronald G. Backer
Ronald G. Backer, Esquire
Pa. I.D. No. 23491
Attorney for Michael E. Lamb,
Prothonotary of the Court of Common
Pleas of Allegheny County

Rothman Gordon, P.C.
Firm No. 010

Third Floor, Grant Bldg.
Pittsburgh, PA  15219
412-338-1113

J:\LIT\44179\056\PLEADINGS\RESPONSE MEMORANDUM OF THE PROTH OF ALLEGH CO..doc