IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GODINA JONES, and all others similarly situated, <br><br> Plaintiffs <br><br> vs. <br><br> MICHAEL E. LAMB, Prothonotary Court of Common Pleas of Allegheny County, PA, and CONSTABLE JOHN A. SNYDER <br><br> Defendants. <br><br> A.C.R.E. of Pittsburgh, Inc., a Pennsylvania Corporation & Pennsylvania Residential Owners Association, a Pennsylvania Non-Profit Corporation <br><br> Applicants for Intervention | 2:05cv1052 <br> Electronic Filing <br><br><br> **Memorandum of Law in Support of Motion To Intervene** <br><br><br><br> Filed on behalf of Applicants for Intervention: <br> A.C.R.E. of Pittsburgh, Inc. and Pennsylvania Residential Owners Association <br><br> Attorneys for Applicants: <br><br> Bradley S. Dornish <br> P.A. ID No.: 40990 <br><br> Brad N. Sommer <br> P.A. ID No.: 87312 <br><br> Dornish & Scolieri, P.C. <br> 1207 Fifth Avenue <br> Pittsburgh, PA 15219 <br> Phone: (412)765-2726 <br> Fax: (412)765-2736 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GODINA JONES, and all others similarly situated, )<br>)<br>)     2:05cv1052<br>Plaintiffs  )     Electronic Filing<br>)<br>vs.  )<br>)<br>MICHAEL E. LAMB,  )<br>Prothonotary Court of Common  )<br>Pleas of Allegheny County, PA, and  )<br>CONSTABLE JOHN A. SNYDER  )<br>)<br>)<br>Defendants.  )<br>)<br>A.C.R.E. of Pittsburgh, Inc., a Pennsylvania )<br>Corporation & Pennsylvania Residential  )<br>Owners Association, a Pennsylvania  )<br>Non-Profit Corporation  )<br>)<br>Applicants for Intervention  ) | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE</u>**

AND NOW, comes the Applicants for Intervention, A.C.R.E. of Pittsburgh, Inc., and the Pennsylvania Residential Owners Association, by and through their undersigned attorneys, Bradley S. Dornish, Esquire and Dornish & Scolieri, P.C., and moves this Honorable Court pursuant to Rule 24 of the Fed. R. Civ. P for the right to intervene for the limited purpose of protecting the constitutional rights of landlords in Western Pennsylvania.

1

I.      BACKGROUND.

A.C.R.E. of Pittsburgh, Inc., a Pennsylvania corporation (hereinafter "ACRE"), is an association of Western Pennsylvania real estate investors whose membership includes over 500 individuals who own, operate, and manage residential rental properties. The Pennsylvania Residential Owners Association (hereinafter PROA), a Pennsylvania Non-Profit Corporation is an association of ACRE and 21 other local organizations of residential rental owners throughout the state including four (4) other associations in Western Pennsylvania.

Both ACRE and PROA intervened and participated in the representation of Landlords' interests in <u>Robert Smith and Gayle Rusch v. Michael F. Coyne, Prothonotary of Allegheny County, Pennsylvania and Carmen Noble, 555 Pa. 21 (1999)</u>, which involved the right to a jury trial and other constitutional rights of both tenants and landlords under the Landlord and Tenant Act of 1951, as amended in 1995, 68 P.S. Section 250.513, Act of July 6, 1995, P.L. 253, No. 33 Section 1. In the case at bar, there has been no representation of landlords and, yet, this Court has had to weigh the constitutional rights of the tenant vs. the landlord. The members of ACRE and PROA believe that the landlords' constitutionally property rights, as discussed in <u>Smith v. Coyne</u>, *supra*, were infringed upon by the Preliminary Injunction issued on April 12, 2006. As a result, and pursuant to Rule 24 (a), they have the right to intervene in this lawsuit. Because, however, it is a civil rights action, their participation would have to be limited because they are not state actors.

2

Should this Court determine that ACRE and PROA do not have the "right" to intervene, these Applicants for Intervention ask, pursuant to Fed. R. Civ. P. 24 (b), that this Honorable Court grant them leave to intervene in the present action by permission.

II.     ARGUMENT

Fed. R. Civ. P. 24(a), governing the right to intervention by right states in pertinent part, that "Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Fed. R. Civ. P. 24(b), governing the right to permissive intervention states in pertinent part, that "Upon timely application anyone shall be permitted to intervene in an action:... (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

ACRE and PROA have filed a timely application for intervention. These applicants were put on notice of the present action after being alerted in late May, 2006 of this Court's Order dated April 12, 2006 issuing an Preliminary Injunction changing the rules for appealing a decision by the District Justice granting possession to the landlord. In Smith, *supra*, the Court noted that "in passing the 1995 amendments to the Landlord and Tenant Act, the General Assembly was attempting to redress the balance of fairness which had tipped, perhaps, too far in favor of tenants." By issuing the Preliminary Injunction in the case at bar, this Court has effecting stripped the landlords of the rights conferred on them by the General Assembly in 1995.

3

The members of ACRE and PROA have a direct and substantial interest relating to the subject matter of this action, and the protection of that interest will, as a practical matter, be impaired by the disposition of the case in their absence.

Both ACRE and PROA represent landlords, who have a constitutional right protected by Pa. Const. art. I § 1, to possess and protect their property. This current action will have a direct and substantial affect on when and how a landlord can recover their property during an action for eviction and will have an effect on the landlord's right to protect their own property. The Tenants, on the other hand, have no fundamental right to remain on property that they do not own and, just because they are of low income, are not a suspect class requiring strict scrutiny of the legislation requiring three months rent in order to obtain a supersedeas on appeal.

The Plaintiffs in this action, as Tenants, have sued Michael E. Lamb, the Prothonotary for Allegheny County, Pennsylvania and constables who assist with the eviction unless a supersedeas is obtained. The Defendant is a neutral court officer that does not adequately represent the Applicants for Intervention, and will not defend against the current action in a way that will protect the Applicant's interest. The Prothonotary's only interest in the action is that he must collect the money and issue a supersedeas when a tenant appeals a District Judge's decision and pays three months arrearages into court.

As the Court in Smith v. Coyne stated, the tenant has neither a contractual right to nor a fundamental right to remain on the property. "Requiring payment of up to three months arrearages in order to get a supersedeas serves as some measure of protection against whatever damage might be done to the property during the appeal." *Id.* Without being given the opportunity to intervene in the above-captioned matter, this Court has

effectively stripped the landlords of the protection created by the General Assembly. Both ACRE and PROA have an interest in protection of their property, although they are not necessarily the landlords of the tenants involved in this litigation.

If it is determined that ACRE and PROA do not have the "right" to intervene, they should be granted permission to do so because they have a common question of law and/or fact with the parties to the action. Specifically, they are concerned with the balancing of the landlords' constitutional property rights and the tenants' federal constitutional rights as justice may demand. It will, in fact, conserve judicial resources by considering the rights of both the landlords and the tenants in one action.

WHEREFORE, the Applicants for Intervention move this Honorable Court to grant them leave to intervene in the current action and for additional relief as set forth in the their Motion to Intervene and the attached proposed Court Order.

Respectfully Submitted,

BY:   DORNISH & SCOLIERI, P.C.

/s/ Brad N. Sommer
BRAD N. SOMMER

BRADLEY S. DORNISH

Attorneys for:
Applicants for Intervention

1207 Fifth Avenue
Pittsburgh, PA 15219
Phone: (412)765-2726
Fax: (412)765-2736

## CERTIFICATE OF SERVICE

I, Bradley S. Dornish, hereby certify that a true and correct copy of the foregoing Memorandum in support of Motion to Intervene has been served upon the individual(s) listed below, via First Class, U.S. Mail this 13th day of June 2006.

Kevin Quisenberry, Esquire
Community Justice Project
429 Forbes Avenue, Suite 1705
Pittsburgh, PA 15219

Evalynn B. Welling, Esquire
Community Justice Project
429 Forbes Avenue, Suite 1705
Pittsburgh, PA, 15219

Ronald G. Backer, Esquire
Rothman, Gordon
Grant Building
310 Grant Street, s3rd Floor
Pittsburgh, PA 15219

/s/ Brad N. Sommer
BRAD N. SOMMER

BRADLEY S. DORNISH

Bradley S. Dornish
Attorneys for Intervenors

DORNISH & SCOLIERI, P.C.
1207 Fifth Avenue
Pittsburgh, PA 15219
Phone: (412)765-2726
Fax: (412)765-2736